## UNITED STATES v. BRADT.

District Court, N. D. New York.

Aug. 24, 1936.

Ralph L. Emmons, U. S. Atty., and Roger O. Baldwin, Asst. U. S. Atty., both of Syracuse, N. Y., for the United States.

Barkhuff & Conway, of Albany, N. Y., for defendant.

COOPER, District Judge.

This is a motion by the defendant to suppress the evidence seized upon his arrest while driving a Dodge truck containing materials for the manufacture of alcohol and equipment for distribution of the same.

The federal agents of the alcohol tax unit during the night raided a still located on a farm on the east side of the Hudson river above Schuylerville.

The building in which the still was located was reached by means of a driveway several hundred feet long extending from an ordinary unimproved country road running northerly parallel to the Hudson river.

During and after the seizure of the still some of the agents were stationed on the highway near the junction of the lane or driveway leading to the still. The night was cold and there was probably a very light fall of snow on the highway.

While so stationed, at some time after midnight, the agents saw a truck approaching from the south. When this truck came to the lane leading to the still it turned into the lane and proceeded a little distance, when the driver stopped the truck. Apparently hearing a noise or seeing lights or for some other reason he became suspicious and backed the truck out on the highway and started northerly. Some of the agents stationed north to the intersection of the land with the road came toward the truck. The truck stopped.

The agents were able to discover while outside the truck drums similar to those which they knew were used to contain molasses used in distilling alcohol. There were also five-gallon cans such as are used for transporting illegal alcohol and other things, all of which were appropriate to the manufacture or transportation of untaxed, illicitly manufactured alcohol.

No permit had been given nor been filed nor any other requirement of the statute been complied with to permit the manufacture of alcohol or liquors containing alcohol at the still in question. Bradt was arrested and the truck and contents seized. Through his attorney he has made this motion, claiming that his constitutional rights were invaded by the seizure.

■ Untax paid intoxicating liquors are contraband and subject to forfeiture. So are materials intended for the manufacture of untax paid or moonshine intoxicating liquors and the containers intended for the transportation and sale thereof. So likewise are vehicles used for the transportation of such material and equipment intended for use in defrauding the United States of the lawful tax on the manufacture of intoxicating liquor.

The impracticability of obtaining a search warrant for the search of a swiftly moving vehicle like an automobile under circumstances warranting an immediate seizure thereof has been declared by the United States Supreme Court in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790.

True, that case is under the National Prohibition Law (27 U.S.C.A. § 1 et seq.). But the decision upon the constitutional bar to unreasonable search and seizure is equally applicable to the present law.

Certainly there was every good reason to suspect from the conduct of the defendant at the time and place in question that he was bringing materials for use at the still in the manufacture of intoxicating liquors. The road was a remote, little-used road, the hour was late at night when trucking was not ordinarily done, and the driver of the truck started down the lane toward the still in question with a load of materials appropriate to the illegal manufacture of liquors in violation of the tax laws of the United States and of containers for the transportation of illegally manufactured intoxicating liquors.

Apparently becoming suspicious that all was not well at the still, he backed out of the lane to the highway and started away in a northerly direction evidently in the hope of escaping with the contraband load.

■ Under the circumstances here existing, the doctrine of the Carroll Case and similar cases applies, and the search and seizure was lawful and not made in violation of the defendant's constitutional rights, and was entirely justifiable.

The motion to suppress the evidence and return the seizure is denied.